UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-24444-UU

CENTER FOR BIOLOGICAL DIVERSITY;
TROPICAL AUDUBON SOCIETY; et al.,

    Plaintiffs,

vs.

RYAN ZINKE, etc., et al.,

    Defendants.
_____/

**<u>MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND SUPPORTING MEMORANDUM OF LAW</u>**

    Intervenor-Permittees, Coral Reef Retail, LLC, Coral Reef RESI PH 1, LLC, and RAMDEV, LLC (hereinafter referred to as "Permittees"),[1] move for clarification and/or reconsideration of the Order Granting Plaintiffs' Motion for Temporary Restraining Order entered in this matter on Friday, December 8, 2017 (the "TRO") [Doc. 10], which (i) appears to have improperly shifted to Defendants the burden of persuasion as to whether a preliminary injunction should be entered by the Court and: (ii) imposed only a nominal bond that does not account for or protect the substantial rights of Permittees, and, and in support state as follows:

**INTRODUCTION**

    On Friday, December 8, 2017, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief ("Complaint") [Doc.1], and Motion for Temporary Restraining Order and/or

---

[1] Permittees have filed a motion to intervene in this action as party defendants in order to protect their substantial property and economic rights under the federal permits which are the subject of this action. Doc. 25. Permittees reserve all rights concerning challenging the merits of the TRO and any temporary injunction, which is scheduled to be heard on Decemter 20, 2017.

Preliminary Injunction ("Ex-Parte Motion for Injunction") [Doc. 4]. After filing, Plaintiffs sought and obtained entry of the TRO without providing the named Defendants (who are governmental agencies and hereafter referred to as "Defendant Agencies") or the Permittees, who own the land that is the subject of this lawsuit, an opportunity to respond.

The TRO, which is substantially similar to the proposed order submitted by Plaintiffs with their Ex-Parte Motion for Injunction: (i) stayed the effectiveness of certain federal permits issued to Permittees regarding a project known as Coral Reef Commons ("Project"), which effectively enjoins the Permittees from developing the Project, even though Permittees are not named as Defendants; (ii) granted a TRO against the Defendant Agencies from authorizing any activities at the Project; (iii) required the filing of only a nominal bond in the amount of one dollar ($1) for the TRO to become effective; (iv) ordered that the TRO shall expire by December 22, 2017, unless extended for good cause shown, and (iv) scheduled a hearing on December 20, 2017 at 9:30 a.m. at which time each of the Defendant Agencies are required to appear "to SHOW Cause, if there is any reason why this Court should not enter a preliminary injunction…."

## ARGUMENT AND MEMORANDUM OF LAW

### The Burden of Persuasion Rests at All Times with the Plaintiffs

The TRO appears to improperly shift to Defendant Agencies and Permittees the burden of persuasion with respect to the entry of a preliminary injunction instead of leaving the burden with the Plaintiffs as required by well-settled law. If indeed the TRO intends this shifting of the burden, then Plaintiffs have led this Court to commit reversible error by submitting a proposed order that departs from clear Supreme Court precedent and other controlling law. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 442–43 (1974).

Because a preliminary injunction is an extraordinary and drastic remedy, its grant is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion. *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983) (internal citations omitted). In determining whether a TRO or preliminary injunction should be granted, the court must consider whether the <u>movant</u> has established the following four factors: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

It is the party moving for a temporary restraining order or preliminary injunction, and no other party, that at all times bears the burden of persuasion as to each of these four requirements. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.,* 896 F.2d 1283, 1284 (11th Cir. 1990); *see also United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983) (A "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites."). Here, because Plaintiffs are unable to meet their heavy burden of establishing each of these four requirements, no injunction should be entered and the TRO should expire or be vacated.[2]

Moreover, it was entirely misleading for Plaintiffs to submit a proposed ex parte order whereby Defendant Agencies would bear the burden of persuasion in a subsequent hearing on a

---

[2] The plain language of Rule 65 of the Federal Rules of Civil Procedure dictates that the Order entered in this case will expire "at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65. Here, the Court has ordered that the Order shall expire on December 22, 2017, "unless extended for good cause shown."

preliminary injunction.  In fact, the opposite is true: after a district court has granted a TRO, the burden remains on the movant "to show that [it is] entitled to a preliminary injunction." *U.S. D.I.D. Corp. v. Windstream Commc'n, Inc.*, 775 F.3d 128, 140 (2d Cir. 2014).  Indeed, the Supreme Court of the United States has plainly held:

> Rule 65(b) **does not place upon the party against whom a temporary restraining order has issued the burden of coming forward and presenting its case against a preliminary injunction**. To the contrary, the Rule provides that '(i)n case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time . . . and when the motion comes on for hearing the *party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction* and, if he does not do so, the court shall dissolve the temporary restraining order.' *The burden was on the [movants] to show that they were entitled to a preliminary injunction*, not on the [respondents] to show that they were not.

*Granny Goose Foods,* 415 U.S. at 442–43 (emphasis added). The Court further held that if a district court grants a preliminary injunction after a TRO has been entered, it must do so with the necessary findings of fact and conclusions of law.  *Id.* at 443.

Thus, here, pursuant to binding and well-established case law, the burden of persuasion rests at all times with Plaintiffs.  Accordingly, at the preliminary injunction hearing, it is Plaintiffs, not Defendant Agencies or Permittees, who must clearly establish to this Court that each of the four requirements for the extraordinary and drastic remedy of a preliminary injunction have been met.  As Permittees show in their Memorandum in Opposition to Plaintiffs' Motion for Injunction [Doc 33] and supporting declarations [Doc. 34], Plaintiffs are wholly unable to meet their burden and, as such, no further injunctive relief should be granted and the TRO should expire.

**The Amount of the Bond Is Inadequate**

The TRO required Plaintiffs to provide only a *de minimis* security bond of one dollar ($1). Doc. 10 at 2. It appears that the nominal bond was intended to address only the TRO as against the Defendant Agencies – who have no property or economic rights under the federal permits or in the Project. Further, because Plaintiffs failed to name Permittees as parties to this lawsuit, the nominal bond amount did not account for the effect on Permittees of the stay of the federal permits, which effectively enjoins them from continuing construction of their project. Unlike the Defendant Agencies, the Permittees have substantial property and economic interests that are being adversely affected each day they are enjoined by the TRO from continuing construction and development of the Project.

Reconsideration of the Court's interlocutory order is authorized under Federal Rule of Civil Procedure 54(b):

> "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and **may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.**" [Fed. R. Civ. P. 54(b) (emphasis added).]

The three primary grounds to reconsider an interlocutory order are "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc*., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). To the extent these standards apply at all where an order under "reconsideration" was entered without an opportunity to respond in the first instance, here, the Declaration of Ms. Wilson [Doc. 34-2] provides new evidence not available when the Court issued its order and, without fully considering the economic harm to Permittees, which was not

possible because Plaintiffs did not name them as parties to the lawsuit, it would be a manifest injustice to allow the temporary restraining order to continue or for a preliminary injunction to be entered without an adequate bond in place.

Rule 65(c) empowers the Court to order Plaintiffs to post a security bond "in an amount that the court considers proper to pay the costs and damages sustained" by Permittees as a result of this injunction, should Permittees be found to have been wrongfully enjoined. While the bond amount is left to the discretion of the Court, it is reversible error for a court to "fail[] to exercise the discretion required by Rule 65(c) "by expressly considering the question of requiring a bond." *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 539 (6th Cir. 1978).

The party seeking the posting of a bond is not required to prove with absolute certainty all costs and damages that it will incur, but must merely provide a rational basis for damages that could materialize. *See Cont'l Grp., Inc. v. KW Prop. Mgmt., LLC,* No. 09-60202-CV, 2009 WL 3644475, at *6–8 (S.D. Fla. Oct. 30, 2009) (setting bond to account for the potential loss of business not currently under contract after a rational basis showing, even though those amounts were "speculative in nature.").

As more fully set forth in the declaration of Kerry-Ann Wilson [Doc. 34-2], any continuation of the work stoppage caused by the current TRO, entered without an opportunity to first respond, will cause substantial damage to Permittees' legitimate property and development rights and may cause a breach of Permittees' current financing arrangement. These facts are undisputed. In short, the injunction could cause the Permittees to not only lose their more than $40 million investment in the Project and years of hard work in acquiring and permitting the Project property, but will continue to cause substantial damages, which are already accruing daily. Accordingly, a sufficient bond is absolutely required and crucial to protect Permittees in

this matter.

As the bond provides the only relief available to a wrongfully enjoined party, courts should "err on the high side" when setting bond amounts. *Mead Johnson & Co. v. Abbott Lab.*, 201 F.3d 883, 888 (7th Cir. 2000). While Rule 65(c) clearly exempts the United States government and its agencies from posting a bond, the rule makes no such exception for non-profit entities. *See Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457-60 (7th Cir. 2010) (refusing non-profit's request to be exempt from the requirement to post a bond because "[t]he language of Rule 65(c) provides no support for a blanket exemption of nonprofit entities" and noting that one of the parties seeking the injunction had annual revenues of $7 million) *and Black Warrior Riverkeeper v. U.S. Army Corps of Eng'rs*, 297 F.R.D. 633, 637 (N.D. Ala. 2014) ("To enjoin intervenor-defendants without a meaningful bond would not be cutting plaintiffs a little slack. Rather, it would make the drafters of Rule 65(c) 'slack jawed.'"). The Plaintiffs in this matter generated $14 million in revenue in 2016 and ended the year with net assets of over $19 million.[3] Plaintiffs are an experienced litigation shop with a long history of collecting large attorney's fee awards through lawsuits against the federal government[4] and lawsuits to stop various private development projects.[5]

---

[3] *See* Center for Biological Diversity IRS Form 990 for Fiscal Year 2016, available at http://www.biologicaldiversity.org/publications/reports/CBD_2016_form_990.pdf (last accessed Dec. 8, 2017).

[4] Press Release, United States House of Representatives Committee on Natural Resources, "*DOJ Documents Confirm Center for Biological Diversity Received Millions in Taxpayer Funds from ESA-Related Lawsuits*," June 27, 2012, available at https://naturalresources.house.gov/newsroom/documentsingle.aspx?DocumentID=301242 (last accessed Dec. 8, 2017).

[5] Plaintiffs recently received $4.9 million in attorney's fees in a recent settlement. *See* Settlement Agreement between Center of Biological Diversity and The Newhall Land and Farming Company, dated Sept. 22, 2017, available at https://www.biologicaldiversity.org/programs/urban/pdfs/Newhall_Settlement_Agreement.pdf (last accessed Dec. 8, 2017).

GUNSTER
600 Brickell Avenue, Suite 3500 • Miami, Florida 33131 | 305-376-6000 | Fax: 305-376-6010 | www.gunster.com

Given the lengthy and comprehensive environmental review of the Project by the United States Fish and Wildlife Service in this matter, Plaintiffs cannot in good faith believe that they are likely to succeed on the merits. Moreover, if a meaningful and substantial bond is not required, Plaintiffs will be able to delay the implementation of the Project as long as possible with impunity.

WHEREFORE, Defendants respectfully request that the Court enter an order (i) clarifying that it is Plaintiffs who must appear before the Court on December 20, 2017 at 9:30 A.M., and clearly establish each of the four requirements for granting a preliminary injunction, and if Plaintiffs are unable to meet that burden then the Order will expire on December 22, 2017 at the latest; and (ii) if the Court extends the restraining order, to require Plaintiffs to post a bond in the amount of at least $34,000,000 to protect their real and demonstrated economic interests.

Respectfully submitted,

GUNSTER
*Counsel for Intervenor Coral Reef*
George S. LeMieux, FBN 16403
Luna E. Phillips, FBN 63673
Jonathan H Kaskel, FBN 52718
600 Brickell Avenue, Suite 3500
Miami, Florida  33131
Telephone:  305-376-6000
Facsimile:  305-376-6010
glemieux@gunster.com
lphillips@gunster.com
jkaskel@gunster.com

By:  /s/ George S. LeMieux
      George S. LeMieux FBN: 16403

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2017, the foregoing was filed using the Court's CM/ECF system and served via email or transmission of Notices of Electronic Filing generated by CM/ECF to all counsel by the Court's CM/ECF system.

By: /s/ Jonathan H Kaskel

## CERTIFICATE OF CONFERRAL

I hereby certify that on December 14, 2017 undersigned conferred in good faith with Plaintiffs and Defendants to reach agreement on this motion for clarification. Counsel for Defendants stated that Defendants take no position at this time on the instant motion. Plaintiffs oppose the relief sought herein.

By: /s/ Jonathan H Kaskel

GUNSTER
600 Brickell Avenue, Suite 3500 • Miami, Florida 33131 | 305−376−6000 | Fax: 305−376−6010 | www.gunster.com